IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Edna J. Gooden-Thompson, ) | Civil Action No. 3:25-cv-863-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | |
| United States Department of ) | |
| Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The Plaintiff, complaining of the Defendant herein, respectfully alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. At all times relevant to this Complaint, Plaintiff Edna J. Gooden-Thompson has been a resident and citizen of the County of Richland, State of South Carolina.

2. Upon information and belief, the Defendant, the United States Department of Veterans Affairs, is the proper party to this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

3. The exclusive remedy against the United States Department of Veterans Affairs for the premises liability related to this case is found under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

4. This Court has jurisdiction over these matters based upon the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

5. The acts and omissions which are the subject of this Complaint occurred in the District of South Carolina, specifically at the Dorn VA Medical Center in Richland County, South Carolina.

6. On June 24, 2024, Plaintiff, through her attorney, submitted an administrative claim for personal injury on Standard Form 95 to the Department of Veterans Affairs Office of General Counsel Torts Law Group by electronic mail as well as mailing through the USPS, which was received by the Department on June 28, 2024.

## FACTS

7. On February 23, 2023, Mrs. Edna J. Gooden-Thompson was at the nephrology clinic at the Dorn VA Medical Center for a medical appointment.

8. Prior to the appointment, Plaintiff Gooden-Thompson went to a restroom open to patients. She opened the door to the restroom and had taken approximately two steps into the restroom when her foot slipped out from under her and she fell backwards. While on the floor, she noticed water on the floor where she had slipped. After crying for help, a VA employee helped her up and assisted her into a wheelchair.

9. Plaintiff Gooden-Thompson was then seen for her scheduled appointment. Her nephrologist noted:

> "Unfortunately, prior to her clinic visit, she went to the restroom and slipped and fell. She reports landing on her left leg and shoulder and then her back. She did not hit her head and did not have LOC. She reportedly called for help and was assisted into a VA wheelchair. She initially declined transport to ER for evaluation, so she was seen in clinic. She reports pain in her left posterior upper leg and some mild mid back pain."

10. Plaintiff Gooden-Thompson was then transported to the VA emergency room where the records notate: "Slipped on water fell backwards onto buttocks, no head/neck injury or LOC, states left shoulder, left hip and lower back pain s/p fall" and "Diagnosis: Pain in left shoulder, Low back pain, unspecified; pain in left hip. Referred to PCP for follow up."

11. Plaintiff Gooden-Thompson fell on her left side and suffered injuries to her left hip, left buttocks, left lower back, and left shoulder.

12. Plaintiff Gooden-Thompson suffered serious injuries to her body which required

medical treatment, physical therapy, and occupational therapy.

13. Plaintiff Gooden-Thompson continues to suffer pain and reduced mobility as a result of the injuries sustained during the fall.

### FIRST CAUSE OF ACTION
### (Negligence/Premises Liability)

14. Plaintiff repeats and re-alleges all claims as fully as if they were set forth in their entirety in this Paragraph.

15. Defendant is liable for the torts that occur on its property and any torts committed by its agents or employees.

16. As a hospital and medical provider, Defendant is vicariously liable for the actions of its agents and employees who owe a duty to search for, discover, warn against, and remedy defective conditions, such as the hazardous condition which is the subject of this lawsuit.

17. Defendant was aware of or should have been aware of the dangerous condition, however, it failed to warn its customers or take any action to make this area safe.

18. Defendant was aware or should have been aware of a dangerous condition and did not take sufficient action to minimize or avoid danger to Plaintiff, which constitutes clear and convincing evidence of negligence, including but not limited to in the following particulars:

    (a)    failing to maintain the premises;

    (b)    failing to exercise due care;

    (c)    failing to do what a reasonable person or entity would have done under the circumstances;

    (d)    failing to post signs;

    (e)    failing to properly remedy the hazardous condition;

    (f)    failing to warn Plaintiff;

    (g)    failing to hire adequate personnel;

    (h)    failing to hire adequately trained personnel;

(i) failing to adequately manage personnel;

(j) failing to develop adequate policies and procedures;

(k) failing to take actions to correct known problems; and

(l) in such other and further particulars as may be found through discovery or trial.

19. As a direct and proximate result of Defendant's breach of duty, Plaintiff has suffered damages including personal injury; loss of personal services; has suffered and will continue to suffer pain and mental anguish; shock; and emotional and mental distress, and other such damages as are to be proven at trial.

## **DAMAGES**

20. Due to the negligence the Defendant, the Plaintiff is informed and believes that she is entitled to a judgment against Defendant for her actual damages as described above.

WHEREFORE, Mrs. Gooden-Thompson prays as follows: (a) that she recovers a judgment against Defendant in the amount of $400,000.00, which is an amount sufficient to compensate her for her injuries and damages as described more fully above; and (b) that she recovers all costs associated with this action.

Respectfully submitted,

\_\_/S/Thomas E. Andrews III_____
Thomas E. Andrews III
Fed. I.D. No. 9672
ANDREWS LAW OFFICE, LLC
Post Office Box 2744
Columbia, SC 29202
(803) 748-1292
thomas@thomasandrewslaw.com

February 14, 2025                                                              ATTORNEY FOR PLAINTIFF